Hon. David G. Estudillo

**UNITED STATES DISTRICT COURT
WESTERN DISCTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| LUIS APONTE and JENNIFER SELF,<br><br>Plaintiffs,<br><br>v.<br><br>MASON COUNTY FIRE PROTECTION DISTRICT NO. 16 a/k/a WEST MASON FIRE,<br><br>Defendant. | **Case No. 3:21-cv-5459-DGE**<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiffs Luis Aponte and Jennifer Self (collectively hereinafter "Plaintiffs"), by and through their undersigned attorneys of record, Vera P. Fomina, Damien N. Villarreal, and Kaitlyn M. Gould of Skidmore | Fomina, PLLC, allege as follows:

## I. PARTIES

1.1   Plaintiff Luis Aponte ("Aponte") is a resident of Mason County, Washington.

1.2   Plaintiff Jennifer Self ("Self") is a resident of Pierce County, Washington.

1.3   Defendant Mason County Fire Protection District No. 16, also known as West

1.4   Mason Fire (the "Fire District") was and is a public fire protection district organized under the laws of the state of Washington, providing emergency medical services in Mason County, Washington. All acts, omissions, and conduct complained of herein were performed or

FIRST AMENDED COMPLAINT - 1

committed by the Fire District's employees and/or agents, acting within the scope of their employment and authority, for which the Fire District has legal liability.

1.5  This Court has jurisdiction over the Fire District and the subject matter herein, and venue is proper in this Court.

## II.  JURISDICTION AND VENUE

2.1  This Court has jurisdiction over the parties because all parties are believed to have resided and/or transacted business in Mason County, Washington.

2.2  This Court has jurisdiction over the subject matter of this lawsuit action pursuant to RCW 2.08.010 and Washington's Wage Statutes.

2.3  Venue is proper under RCW 4.12.025.

2.4  At all times relevant hereto, Defendant employed Plaintiffs in Mason County, Washington, committed the unlawful acts alleged in this action in Mason County, Washington, and are employers as that term is used in RCW Chapters 49.12, 49.46, 49.48 and 49.52.

## III.  FACTUAL ALLEGATIONS

3.1  Plaintiffs incorporate herein all previous allegations in this Complaint.

3.2  The Fire District employed Aponte as a firefighter/emergency medical technician ("EMT") from approximately July 2018 to January 17, 2020.

3.3  The Fire District employed Self as a firefighter/EMT from approximately August 2019 to February 12, 2020.

3.4  The Fire District compensated Aponte and Self (collectively "Plaintiffs") for their work as firefighters/EMTs by paying them as follows:

    3.4.1  $100.00 per shift for a 24-hour shift;

    3.4.2  $50.00 per shift for a 12-hour shift;

    3.4.3  $25.00 per shift for a 6-hour shift;

FIRST AMENDED COMPLAINT - 2

    3.4.4 $15.00 per hour in 2018 and $20.00 per hour in 2019 and 2020 for emergency medical services the Fire District provided under a service contract for a local racetrack; and

    3.4.5 Additional sums based upon on a point system determined by the Fire District.

  3.5 During their 24-hour, 12-hour, and 6-hour shifts, the Fire District required Plaintiffs to be present at the fire station, ready to respond promptly to calls, and prepared mentally and physically to respond to any potential type of emergency.

  3.6 In 2020, the U.S. Department of Labor's Wage and Hour Division ("WHD") investigated the Fire District for potential violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., covering the period of May 5, 2018 to May 2, 2020.

  3.7 After conducting its investigation, WHD concluded the Fire District misclassified the Plaintiffs and other firefighter/EMTs as volunteers and found the Fire District committed twenty-nine (29) violations under the FLSA, including for failing to pay them $7.25 per hour (federal minimum wage) and failing to pay them proper overtime compensation for overtime hours they worked. A true and correct copy (with FOIA exemption redactions) of WHD's Compliance Action Report regarding its investigation of the Fire District's FLSA violations is attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

  3.8 The Fire District implemented a formal policy and procedure system for the Fire District's operations and adopted a Standard Operating Procedures manual ("SOP Manual").

  3.9 The SOP Manual includes policies and procedures regarding workplace safety, safety standards for firefighters, anti-harassment, and personnel disciplinary actions.

  3.10 The SOP Manual contains policies and procedures that make promises of specific treatment in specific situations.

  3.11 The Plaintiffs justifiably relied upon the policies and procedures contained in the SOP Manual and continued their employment.

FIRST AMENDED COMPLAINT - 3

3.12    Plaintiffs submitted multiple complaints to the Fire District about workplace and firefighter safety issues.

3.13    Plaintiffs submitted multiple complaints to the Fire District about workplace harassment.

3.14    On January 17, 2020, the Fire District terminated Aponte's employment under false pretenses.

3.15    On February 12, 2020, the Fire District terminated Self's employment under false pretenses.

3.16    The Fire District failed to comply with the provisions of its SOP Manual, including those regarding workplace safety, safety standards for firefighters, anti-harassment, and personnel disciplinary actions.

3.17    The Plaintiffs' complaints about workplace and/or firefighter safety issues were a substantial factor in the Fire District's decision to terminate their employment.

### IV.    CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**FLSA Violations (Minimum Wage)**

4.1    Plaintiffs incorporate herein all previous allegations in this Complaint.

4.2    At all relevant times, the Fire District was an employer covered under the FLSA.

4.3    At all relevant times, Plaintiffs were employees covered under the FLSA.

4.4    The Fire District failed to pay Plaintiffs the applicable minimum wage for all hours worked, in violation of the FLSA.

4.5    The Fire District's conduct described above was willful.

4.6    Plaintiffs are entitled to recover their unpaid minimum wages due and an equal amount as liquidated damages.

4.7    Plaintiffs are entitled to recover their attorney's fees incurred herein pursuant to 29 U.S.C. §216.

FIRST AMENDED COMPLAINT - 4

## SECOND CAUSE OF ACTION
**Failure to Pay Minimum Wage and Compensate Plaintiffs for All Hours Worked**
**RCW 49.52 and WAC § 296-128-550**

4.8     Plaintiffs re-allege and incorporates herein the preceding paragraphs of this Complaint.

4.9     At all times relevant to this action, Plaintiffs were employed by Defendant within the meaning of RCW 49.46.010(3).

4.10    Pursuant to RCW 49.46.020, Defendant is required to compensate Plaintiff for all hours worked.

4.11    Beginning January 1, 2018, and until January 1, 2019, every employer shall pay to each of his or her employees, who has reached the age of eighteen years, wages at a rate of not less than $11.5 per hour.

4.12    Plaintiffs are non-exempt employees entitled to the protections of RCW 49.46.020.

4.13    Defendant's pay policies and practices violate Washington State's minimum wage requirements because they failed to pay Plaintiff for all hours worked.

4.14    Defendant did not fully compensate Plaintiffs for all hours.

4.15    Defendant's conduct described herein violates Washington State's wage and hour laws

4.16    Plaintiffs are entitled to recover their unpaid wages, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## THIRD CAUSE OF ACTION
**FLSA Violations (Overtime)**

4.17    Plaintiffs incorporate herein all previous allegations in this Complaint.

4.18    At all relevant times, the Fire District was an employer covered under the FLSA.

4.19    At all relevant times, Plaintiffs were employees covered under the FLSA.

4.20    The Fire District failed to pay Plaintiffs proper overtime compensation for all work weeks in which they worked in excess of forty (40) hours, in violation of the FLSA. Alternatively,

the Fire District failed to pay Plaintiffs proper overtime compensation for all work weeks in which they worked in excess of fifty-three (53) hours, in violation of the FLSA.

4.21   The Fire District's conduct described above was willful.

4.22   Plaintiffs are entitled to recover their unpaid overtime compensation and an equal amount as liquidated damages.

4.23   Plaintiffs are entitled to recover their attorneys' fees incurred herein pursuant to 29 U.S.C. §216.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**RCW 49.46.130 and WAC § 296-128-550**

4.24   Plaintiffs re-allege and incorporate herein the preceding paragraphs of this Complaint.

4.25   At all times relevant to this action, Plaintiffs were employed by Defendant within the meaning of RCW 49.46.010(3).

4.26   Pursuant to RCW 49.46.130, Defendant is required to compensate Plaintiffs for all overtime, which is calculated at one and one-half (1 1/2) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

4.27   Plaintiffs were non-exempt employees entitled to the protections of RCW 49.46.130.

4.28   During the relevant period, Defendant failed to compensate Plaintiffs for all overtime hours worked as required under the foregoing provisions of RCW 49.46.130, among other things: failing to pay overtime at one and one-half (1 1/2); and requiring, permitting or suffering Plaintiffs to work through meal and rest breaks.

4.29   In violation of RCW 49.52.050, Defendant acted willfully and with intent to deprive Plaintiffs of any part of their wages, shall be liable in a civil action by the aggrieved employee or his or her assignee to judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees.

FIRST AMENDED COMPLAINT - 6

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006
Telephone: (425) 519-3656

4.30    Defendant knowingly and willfully refused to perform its obligations to compensate Plaintiffs for all wages earned and all hours worked.

4.31    As a proximate result, Plaintiffs have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

4.32    Defendant's conduct described herein violates Washington State wage and hour laws.

4.33    Therefore, pursuant RCW 49.52.050, Plaintiffs are entitled to recover the unpaid balance of wages owed to them by the Defendant, plus interest, penalties, attorneys' fees, and costs of suit.

## FIFTH CAUSE OF ACTION
### Willful Refusal to Pay Wages - RCW 49.52.050

4.34    Plaintiffs re-allege and incorporates by reference each and every allegation set forth in the preceding paragraphs.

4.35    RCW 49.52.050 provides that any employer or agent of any employer who "shall collect or receive from any employee a rebate of any part of wages theretofore paid by such employer to such employee" or who "[w]illfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employee is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

4.36    By willfully and intentionally failing to pay Plaintiffs their earned wages Defendant paid a lower than the standard hourly firefighter wage and violated RCW 49.52.050.

4.37    RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of damages withheld, plus attorneys' fees and costs.

4.38     Because of Defendant's willful and intentional nonpayment of wages, Plaintiffs have been deprived of compensation in an amount to be determined at trial and pursuant to RCW 49.52.070 is entitled to recovery of twice the amount of such damages, including interest thereon, as well as attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**Failure To Pay Wages Owed at Termination**
**RCW 49.48.010**

4.39     Plaintiffs re-allege and incorporates by reference each and every allegation set forth in the preceding paragraphs.

4.40     RCW 49.48.010 states that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid at the end of the established pay period."

4.41     By failing to pay Plaintiffs their earned wages Defendant violated RCW 49.48.010.

4.42     Plaintiffs have been denied compensation in an amount to be determined at trial and Plaintiffs are entitled to such damages, including interest thereon, as well as attorneys' fees and costs pursuant to RCW 49.48.030.

**SEVENTH CAUSE OF ACTION**
**Unjust Enrichment**

4.43     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

4.55     By the foregoing, Plaintiffs conferred a benefit upon Defendant by means of their labor.

4.56     Defendant had an appreciation and knowledge of that benefit.

4.57     The Defendant's acceptance or retention of the benefit without payment of its value is unjust under the circumstances.

4.58   As a direct and proximate result of the foregoing, Plaintiffs have suffered economic damages in an amount to be proven at trial.

### EIGHTH CAUSE OF ACTION
### Wrongful Discharge in Violation of Public Policy

4.59   Plaintiffs incorporate herein all previous allegations in this Complaint.

4.60   There is a clear mandate of public policy in Washington that employers shall ensure employee safety in the workplace.

4.61   There is a clear mandate of public policy in Washington that fire departments shall ensure certain safety standards for firefighters in their employ.

4.62   Plaintiffs reported what they reasonably believed to be unsafe conditions in their workplace and or violations of laws and policies related to safety standards for firefighters.

4.63   The Plaintiffs' reports regarding workplace and/or firefighter safety issues were a substantial factor in the Fire District's decision to terminate their employment.

4.64   As a result of the Fire District's wrongful termination of their employment in violation of public policy, the Plaintiffs have suffered economic damages, including lost wages and benefits, and non-economic damages for emotional distress, loss of enjoyment of life, humiliation, personal indignity, anger, and embarrassment.

### I.   PRAYER FOR RELIEF

**WHEREFORE**, having set forth their Complaint against Defendant, Plaintiffs pray for the following relief:

1.1   An award of economic damages in amounts to be proven at trial, including unpaid minimum wages, unpaid overtime compensation, back pay, front pay, and loss of benefits;

1.2   An award of liquidated damages equal to the amounts of unpaid minimum wages and unpaid overtime compensation;

1.3 Damages for actual, consequential, and incidental damages as alleged herein or as proven at trial;

1.4 Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

1.5 Exemplary (double) damages pursuant to RCW 49.52.070;

1.6 Prejudgment and post-judgment interest in an amount to be proven at trial including interest on all unpaid wage amounts at a rate of 12% per annum;

1.7 Compensation for any tax penalty associated with a recovery;

1.8 Reasonable attorneys' fees and costs pursuant to RCW 49.48.030, RCW 49.52.070, and as otherwise allowed by any other statute or claim alleged herein; and

1.9 Any other relief this Court shall deem just and equitable.

DATED this 3rd day of May 2022.

/s/ Vera Fomina

Vera P. Fomina, WSBA #49388
Damien N. Villarreal, WSBA #50708
Kaitlyn M. Gould, WSBA #58622
*Attorneys for Plaintiffs*