UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LUIS APONTE and JENNIFER SELF,<br><br>                Plaintiffs,<br><br>        v.<br><br>MASON COUNTY FIRE PROTECTION<br>DISTRICT NO 16,<br><br>                Defendant. | CASE NO. 3:21-cv-05459-DGE<br><br>ORDER DENYING PLAINTIFFS'<br>MOTION FOR ORDER WAIVING<br>ALL DEFENDANT'S<br>OBJECTIONS TO PLAINTIFFS'<br>SECOND SET OF DISCOVERY<br>REQUESTS (DKT. NO. 33) |

## I      INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for an Order Waiving all Defendant's Objections to Plaintiffs second set of discovery requests.  (Dkt. No. 33.)  Having reviewed the motion, all supporting materials, and relevant portions of the record, the Court DENIES Plaintiff's motion.

## II      BACKGROUND

This dispute concerns Plaintiffs' second set of discovery requests.  In her declaration, Plaintiffs' counsel Vera P. Fomina Iso stated, "Plaintiffs' attorneys served Plaintiffs' Second Set

Case 3:21-cv-05459-DGE   Document 42   Filed 09/14/22   Page 2 of 5

of Interrogatories and Requests for Production on Defendant on June 7, 2022." (Dkt. No. 34 at 1.)  Yet a copy of the email correspondence from Plaintiffs' counsel to Defendant's counsel shows the discovery requests were sent June 8, 2022.  (*Id.* at 2.)  Accordingly, it appears Defendant's responses were due July 8, 2022.  *See* Fed. R. Civ. P. 6(a)(1).

Notwithstanding this discrepancy, Plaintiffs and Defendant appear to agree Defendant's responses were due July 7, 2022.  (*See* Dkt. Nos. 33 at 2; 37-1 at 1.)  In his declaration, Defendant's counsel Erik Connell stated, "Defendant's responses to Plaintiffs' second set of discovery were mis-calendared in my office as July 8, 2022, as opposed to the correct date of July 7, 2022." (Dkt. No. 37-1 at 1.)

On July 7, 2022, Plaintiffs' counsel emailed Defendant stating, "[a]s you are aware, on June 7, 2022, we served your office with Plaintiffs' second set of discovery requests" but "we have not received any response from you" and "[a]s such, you have waived any objections to the requests." (Dkt. No. 34 at 8.)  On July 8, 2022, Defendant's counsel responded requesting a two-week extension for its discovery responses.  (*Id.*)  Later that day, Plaintiffs' counsel replied stating they would agree to the requested two-week extension if Defendant agreed to "rescheduling all depositions for at least five days after the date when [Defendant] produce[d] the documents;" Defendant "covers the cost of reserving the subpoenas that have been sent to date;" and Defendant agrees "to a stipulated extension of all trial deadlines to allow [Plaintiffs] time to complete discovery and to filed discovery-related motions." (*Id.* at 7.)

Plaintiffs and Defendant's counsel conferred via phone on July 12, 2022 and agreed to extend the discovery deadline until July 21, 2022.  Following the conference, on July 12, 2022, Plaintiffs' counsel emailed Defendant's counsel stating, "[a]s per our conversation, you agreed that you failed to produce the documents by the deadline, as such, you waived all of your client's

ORDER DENYING PLAINTIFFS' MOTION FOR ORDER WAIVING ALL DEFENDANT'S OBJECTIONS TO PLAINTIFFS' SECOND SET OF DISCOVERY REQUESTS (DKT. NO. 33) - 2

objections." (Dkt. No. 34 at 10.)  The same day, Defense counsel responded "[a]t no point in our conversation today did waiving objections come up," and there was no agreement as to objections. (*Id.*)  Around two weeks later, Plaintiffs' counsel replied, "the waiver of objections issue is a point of contention" and will be discussed at the upcoming discovery conference.[1] (*Id.*)  Plaintiff filed this motion asking the Court to order all of Defendant's objections waived on August 4, 2022. (Dkt. No. 33.)

## III    DISCUSSION

Without an agreed extension or good cause, a party waives its objections to discovery requests. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *see also Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 [] constitutes a waiver of any objection.").

### A. Plaintiffs' Motion for an Order Waiving all of Defendant's Objections

Plaintiffs argue "Defendant failed to respond to Plaintiff's second set of Interrogatories and Requests for Production within 30 days and have not even attempted to provide a good cause or excuse for this failure," and therefore, Defendant's objections are waived. (Dkt. No. 33 at 4.)  In response, Defendant argues Plaintiffs have not supported their "nonsensical" theory that a party "can grant a discovery extension as to responses but withhold an extension as to objections." (Dkt. No. 37 at 5.)

---

[1] No subsequent discovery conference appears to have occurred.  It may be, however, that Plaintiffs' counsel was referring to the discovery status hearing conducted on July 15, 2022.

1    The Court finds the email exchange between Plaintiffs and Defendant's counsel does not

2    prove the agreed extension precluded extending Defendant's time to submit objections. It

3    appears Plaintiffs first emailed Defendant about missing the deadline to respond and waiving

4    objections, but then, during the July 12, 2022 conference, agreed to extend the discovery

5    deadline until July 21, 2022. At that time, it does not appear there was a clear discussion about

6    waiver, and therefore, Plaintiffs' after-the-fact assertion of waiver is insufficient for the Court to

7    rule in Plaintiffs' favor.[2] Thus, the Court DENIES Plaintiff's Motion for an Order Waiving all of

8    Defendant's Objections to Plaintiffs' Second Set of Discovery Requests.

9    **B. Defendant's Sur-reply**

10   Defendant asks the Court to strike certain legal arguments made in Plaintiffs' reply under

11   Local Civil Rule 7(g). (Dkt. No. 41 at 1.) Specifically, Defendant seeks to strike Plaintiffs'

12   argument that their motion is not abstract and based, in part, on Defendant's failure to fully

13   respond to Interrogatory No. 18, as well as Requests for Production 40, 41, 43, and 44 (*see* Dkt.

14   No. 39 at 2–3). (Dkt. No. 41 at 3) ("Plaintiffs' Motion presented legal arguments that broadly

15   assert Defendant failed to respond within the time provided by the federal rules. Plaintiffs' reply

16   brief newly asserts specific interrogatories and requests for productions to argue which requests

17   Defendant allegedly failed to produce.")

18   Because the Court denies Plaintiffs' Motion for an Order Waiving all of Defendant's

19   Objections to Plaintiffs' Second Set of Discovery Requests, it does not find it necessary to rule

20   on Defendant's request to strike material from Plaintiffs' reply. Plaintiffs' motion seeks an order

---

[2] Because the Court denies Plaintiffs' motion based on the parties' extension agreement, the Court does not consider Defendant's other arguments against waiver including its claims that Plaintiffs' argument does not apply to requests for production and privilege cannot be waived. (*See* Dkt. No. 37 at 5–7.)

1    waiving all of Defendant's objections based on its delayed response, not based on the specific

2    merits of any of Defendant's objections.  Accordingly, the arguments at issue do not alter the

3    Court's analysis.

4                          **IV      CONCLUSION**

5           Accordingly, and having considered Plaintiffs' motion, the briefing of the parties, and the

6    remainder of the record, the Court finds and ORDERS that Plaintiffs' Motion for an Order

7    Waiving all of Defendant's Objections to Plaintiffs' Second Set of Discovery Requests is

8    DENIED.

9

10          Dated this 14th day of September 2022.

11

12

13                                              David G. Estudillo
                                                United States District Judge

14

15

16

17

18

19

20

21

22

23

24